IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DIRECTV INC,

    Plaintiff,

v.                                 CASE NO. 1:03-cv-00085-MP-AK

THOMAS E CONNOR,
BRENT DIAMOND,
THOMAS FRANCELLA,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 23, Motion to Set Aside Default Judgement by Brent Diamond.  A hearing was held in this matter on April 20, 2005.  During the hearing, the plaintiff produced the return of service on Mr. Diamond, doc. 13, which tended to prove Mr. Diamond was served in Amherst, Ohio on August 26, 2003.  Mr. Diamond, however,  produced two sworn affidavits which tended to prove that he could not have been present at the address listed in the return of service on the date listed in the return of service.

The question of whether Mr. Diamond was validly served goes to the heart of this Court's personal jurisdiction over Mr. Diamond, and "[c]onsideration of affidavits and, where necessary, the taking of testimony are appropriate means for resolving jurisdictional disputes," Edwards v. Associated Press, 512 F.2d 258, 262 n.8 (former 5th Cir. 1975), especially when affidavits cannot be harmonized, Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A., 941 F.Supp. 1175, 1178 (M.D. Fla. 1996).  Accordingly, the Clerk shall set an evidentiary hearing at which the Court will hear testimony on the issue of service of process.  Counsel for the plaintiff shall be responsible for procuring the attendance of the process server, Mr. Larry

*Page 2 of 2*

Watkins. Defendant's counsel shall be responsible for procuring the attendance of Mr. Brent Diamond. The hearing shall be confined to solely the issue of whether process was validly served on Mr. Diamond.

     **DONE AND ORDERED** this *29th* day of April, 2005

                   *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge